UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

DEXTER POOLE,

        Plaintiff,        Case No. 2:14-cv-88

v.        Honorable Robert Holmes Bell

UNKNOWN O'BRIEN,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without immediate payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Dexter Poole, a state prisoner currently incarcerated at the Alger Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Hearing Officer Unknown O'Brien, Hearing Investigator Unknown Vansloten, Michigan State Trooper Unknown Aper, Hearing Investigator Gay Mather, MDOC Director Daniel Heyns, Warden Unknown MacLauren, Assistant Warden Unknown Olsen, and Hearing Investigator J. Metro.

In his amended complaint, Plaintiff states that Defendants prevented him from having a fair hearing on his smuggling and possession of a weapon misconducts by failing to provide him with relevant evidence so that he could put forth a valid defense. Plaintiff seeks damages and equitable relief.

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants' conduct in relation to his misconduct convictions for smuggling and possession of a weapon violated his Fourteenth Amendment due process rights and resulted in a permanent visitor restriction against Visitor Veronda Bethea. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that

may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Plaintiff was guilty of the misconduct charges was supported by the record. In the reasons for finding on the smuggling conviction, Hearing Officer O'Brien stated:

> I find that I am not biased for or against Prisoner Poole, the officers, or this situation as I have no prior knowledge of Poole, or this situation or the officers involved. I find that the questions not asked are not relevant as they would not prove or disprove the charges. Prisoner Poole brought two balloons into Kinross Correctional Facility by hacving [sic] visitor Veronda Bethea bring the balloons into the facility, pass the balloons to Poole in their visit which he then swallowed on 10-12-13 at 1733 hrs. A prisoner is not allowed to bring anything into a correctional facility without staff authorization. Prisoner Poole's statement is not believed because the video clearly shows her taking something from her shirt, passing that item to Poole who fakes getting popcorn (but he never opens his hand in the bag to grab anything) then putting whatever he got from her in his mouth and swallowing (and if it was popcorn he would have chewed but he just swallowed on the video) and this is all consistent with her statement to [the Michigan State Police] that she passed him two balloons which he swallowed and there is no reason for her to lie and say she smuggled anything to him on the visit if she did not. The fact that nothing was not [sic] recovered is not proof that he did not get passed something because he could have destroyed it or not passed it yet. The Officer is clear and factual in his statement and is found to be credible. The charge is upheld.

*See* October 17, 2013, Hearing Report on Smuggling charge, docket #5-2, p. 16 of 41.

In the reasons for finding on the possession of a weapon conviction, Hearing Officer O'Brien stated:

> I find that the questions not asked are not relevant as they would not prove or disprove the charges. Prisoner Poole had in his locker in his area of control and therefore in his possession a piece of hard metal 11 inches in length without staff authorization on 10-12-13 at 1830

- 4 -

> hrs. I find that this was a hard piece of metal that could easily be fashioned into a weapon as an item intended to cause or threaten to cause physical harm to a person as it only needed to be sharpened. A prisoner is presumed to be in possession of anything in his area of control and required to search his area frequently to make sure it is free from contraband. Prisoner Polle [sic] does not rebut the presumption of possession by saying he has not searched in a week even though he leaves all his property unsecure. The Officer is clear and factual in his statement and is found to be credible. The charge is upheld.

*See* October 17, 2013, Hearing Report on Possession of a Weapon Charge, docket #5-2, p. 30 of 41.

Finally, in the reason for finding section of the hearing report on the permanent visitor restriction, Hearing Officer Theut stated:

> I find that proper notice of the hearing was given to Veronda Bethea at 8029 Middlepoint, Detroit MI 48204 and she has voluntarily failed to appear for the hearing. I find that the notice of the hearing contains the proper date of the hearing for 11-5-13 at 1:15 hrs at the KCF Facility. I find no further statement is necessary from prisoner Poole and he did provide a statement at his misconduct hearing and to the hearing officer. On 10-12-13 at 1733 hrs Veronda Bethea came to Kinross Correctional Facility to have a visit with prisoner Poole and was observed by oficer [sic] Teneyck as she took her left hand and place [sic] it under her skirt near her right shoulder for several seconds and when she pulled her hand out it was closed. She then was observed pass [sic] it to prisoner Poole's left hand. Prisoner Poole then put his left hand in a bag of pop corn and then pulled his hand out and put what was in his hand in his mouth. Prisoner Poole is not believed he received nothing becaue [sic] when Veronda Bethea was interviewed by Trooper Aper she admitted that prisoner Poole swallowed two balloons one red and one yellow and I find no reason for her to lie and is found credible. I find that Veronda Bethea did bring in items two balloons one red and one yellow to prisoner Poole that were unauthorized into a correctional facility. The reporting staff members are clear and detailed in their statements and found credible. The Permanent Visitor Restriction is UPHELD.

*See* November 5, 2013, Hearing Report on Permanent Visitor Restriction, docket #5-2, p. 19 of 49.

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his constitutional rights were denied.

In addition, the court notes that Defendant O'Brien is employed as a hearing officer. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity from damages in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

Moreover, the Court notes that Plaintiff's pending motion for leave to file additional evidence (docket #7) is entirely conclusory and fails to specify the nature of the evidence he is seeking to introduce. It is clear from the attachments to the amended complaint that Plaintiff's due process claims lack merit. Therefore, the Court will deny this motion. Finally, the Plaintiff's pending motion for appointment of counsel (docket #8) is denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 22, 2014                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE